UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

NATILAYA SAMUYLOVA,

                          Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER LUIS
LOPEZ SHIELD # 08597, POLICE OFFICER JOHN
DOE #1, AND POLICE OFFICER JOHN DOE #2,

                          Defendants.

------------------------------------------------------------------------x

**ANSWER**

**08CV5703 (JSR)**

**JURY TRIAL DEMANDED**

**This document has been electronically filed.**

        Defendant The City of New York (the "City" or "defendant"),[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph 1 of the complaint, except admits that that plaintiff purports to bring this action and base jurisdiction as stated therein.

        2.      Denies the allegations set forth in paragraph 2 of the complaint, except admits that that plaintiff purports to invoke pendent jurisdiction as stated therein..

        3.      Denies the allegations set forth in paragraph 3 of the complaint, except admits that plaintiff purports to lay venue as stated therein.

        4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

---

[1] Upon information and belief, police officer Luis Lopez has not been served with process as of this date.

5. Denies the allegations set forth in paragraph 5 of the complaint, except admits that the City is a municipal corporation organized and operating pursuant to the laws of the State of New York.

6. Denies the allegations set forth in paragraph 6 of the complaint, except admits that the City maintains the New York City Police Department ("NYPD").

7. Denies the allegations set forth in paragraph 7 of the complaint, except admits that a Luis Lopez, Shield no. 08597, is employed by the City as a police officer for the NYPD.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint as it relates to an unidentified person.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint inasmuch as it relates to an unidentified person.

10. Denies the allegations set forth in paragraph 10 of the complaint, except admits that a document purporting to be a Notice of Claim was received by the City and that no monies have been paid to plaintiff.

11. Denies the allegations set forth in paragraph 11 of the complaint, except admits that no monies have been paid to plaintiff.

12. Denies the allegations set forth in paragraph 12 of the complaint, except admits a Luis Lopez is employed by the City as a police officer for the NYPD.

13. The allegations set forth in paragraph 13 of the complaint are conclusions of law rather than averments of fact and as such no response is required.

14. The allegations set forth in paragraph 14 of the complaint are conclusions of law rather than averments of fact and as such no response is required.

15. The allegations set forth in paragraph 15 of the complaint are conclusions of law rather than averments of fact and as such no response is required.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Denies the allegations set forth in paragraph 17 of the complaint, except admits that plaintiff was arrested, transported to a precinct for processing and then to New York County Criminal Court for arraignment.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21. Denies the allegations set forth in paragraph 21 of the complaint and all subparts thereto.

22. Denies the allegations set forth in paragraph 22 of the complaint and all subparts thereto.

23. In response to the allegations set forth in paragraph 23 of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, as if fully set forth herein.

24. Denies the allegations set forth in paragraph 24 of the complaint.

25. Denies the allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. In response to the allegations set forth in paragraph 27 of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, as if fully set forth herein.

28. Denies the allegations set forth in paragraph 28 of the complaint and all subparts thereto.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30. In response to the allegations set forth in paragraph 30 of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, as if fully set forth herein.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. In response to the allegations set forth in paragraph 33 of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, as if fully set forth herein.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. In response to the allegations set forth in paragraph 40 of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, as if fully set forth herein.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

45. The complaint fails in whole or in part to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

46. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

47. Any injury allegedly sustained by plaintiff resulted from her own culpable or negligent conduct, or that of others, and was not the proximate result of any act of the City or its officers.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

48. Plaintiff has failed to comply with § 50 *et seq.* of the Municipal Law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

49. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**

50. Punitive damages are not available against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

51. This action is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

52. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

53. This action is barred in whole or in part by the applicable limitations period.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

54. Any injuries allegedly sustained by plaintiff was the result of her resisting arrest and refusing to abide with lawfully issued orders.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

55. The NYPD is not a sueable entity.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 14, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-159
                              New York, New York 10007
                              (212) 788-8698

                              By:            /S/
                                    Steve Stavridis

(By ECF)
TO:    Robert Blossner, Esq.

Attorneys for Plaintiff
30 Vesey Street, Suite 900
New York, New York 10007
(212) 571-0805
robertblossner@verizon.net